NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

U.S. Court of Appeals for the First Circuit
No. 2014-0782


JOSEPH CASTAGNARO

v.

THE BANK OF NEW YORK MELLON

Submitted:  January 7, 2016
Opinion Issued:  January 26, 2016


The Law Offices of Martin & Hipple, PLLC, of Concord (Stephen T. Martin on the brief), for the plaintiff.


Primmer Piper Eggleston & Cramer, P.C., of Manchester (Thomas J. Pappas on the brief), and Winston & Strawn, LLP, of Charlotte, North Carolina (Elizabeth T. Timkovich and Phoebe N. Coddington on the brief), for the defendant.


DALIANIS, C.J.  Pursuant to Supreme Court Rule 34, the United States Court of Appeals for the First Circuit (Howard, J.) certified to us the following questions of law:

1) Does New Hampshire common law and/or RSA § 479:25 require a foreclosing entity to hold both the mortgage and note at the time

of a nonjudicial foreclosure?  If so, can an agency relationship between the note holder and the mortgage holder meet that requirement, and does language in the mortgage naming the mortgagee "nominee for lender and lender's successors and assigns" suffice on its own to show an adequate agency relationship?

2) Assuming that the common law and/or RSA § 479:25 requires a unity of the mortgage and note at the time of a nonjudicial foreclosure, and that an agency relationship between the note holder and the mortgage holder does not satisfy such a requirement, can the parties' intent to separate the two overcome the unity rule?  If so, does separating the mortgage and note at the onset of the transaction indicate such intent as a matter of law?

For the reasons stated below, we answer the first question as follows:  We need not answer whether New Hampshire common law or RSA 479:25 (2013) (amended 2015) requires a foreclosing entity to hold both the mortgage and note at the time of a non-judicial foreclosure because an agency relationship between the noteholder and the mortgage holder does meet any such requirement and language in the mortgage naming the mortgagee "nominee for lender and lender's successors and assigns" suffices on its own to show an adequate agency relationship.  See Bergeron v. N.Y. Community Bank, 168 N.H. ___, ___, 121 A.3d 821, 825-27 (2015).  In light of our response to the first question, we need not address the second question.  See Therrien v. Sullivan, 153 N.H. 211, 212 (2006).

The First Circuit's order provides the following facts.  In April 2007, the plaintiff, Joseph Castagnaro, executed a promissory note in favor of Regency Mortgage Corporation (Regency) and a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Regency (the lender) and Regency's successors and assigns.  From that point forward, the mortgage (evidencing the security interest in the property) and the note (evidencing the underlying agreement to repay the loan on the property secured by the mortgage) traveled different routes.

On December 3, 2010, MERS assigned the mortgage to BAC Home Loan Servicing (BAC).  BAC subsequently assigned the mortgage to the defendant, The Bank of New York Mellon (Bank).  The Bank is the current mortgagee.

The record contains two versions of the note.  The first shows an undated indorsement from Regency to American Residential Mortgage (American), and the second includes an undated assignment from Regency to American, an undated indorsement from American to Countrywide Bank FSB, an undated assignment from Countrywide Bank FSB to Countrywide Home Loans, and an undated indorsement in blank.

After the plaintiff failed to make certain mortgage payments, the Bank sought to foreclose. Days before the scheduled foreclosure sale, the plaintiff obtained an ex parte injunction in superior court. The Bank removed the case to federal court on diversity jurisdiction grounds.

Once in federal court, the plaintiff amended his complaint, and the Bank moved to dismiss it. The federal district court granted the Bank's motion, concluding that the parties' intent to separate the mortgage and note at the outset of the transaction trumped any common law rule requiring unity. The federal district court ruled that because the Bank was the mortgagee, it could proceed with the foreclosure under RSA 479:25, which authorizes a "mortgagee" to conduct a non-judicial foreclosure when, as in this case, the mortgage contains a clause allowing it. The plaintiff appealed to the First Circuit and requested that the First Circuit certify questions of law to this court pursuant to Supreme Court Rule 34.

The parties dispute whether our decision in Bergeron answers the first certified question. Like the plaintiff in this case, the plaintiff in Bergeron executed both a note and a mortgage on the same day. Bergeron, 168 N.H. at ___, 121 A.3d at 822. Like the note here, the Bergeron note was executed in favor of a lender; in Bergeron, the lender was Drew Mortgage Associates, Inc. (DMA). Id. at ___, 121 A.3d at 822. Like the note here, the Bergeron note had been transferred a number of times as indicated by an allonge with a number of indorsements. Id. at ___, 121 A.3d at 822. The holder of the Bergeron note at the commencement of the foreclosure proceedings is not identified. Id. at ___, 121 A.3d at 822.

The mortgage in Bergeron is also similar to the mortgage in this case. In both cases, the mortgage was given to MERS, as nominee for the lender and its successors and assigns. Id. at ___, 121 A.3d at 822. And, in both cases, the mortgage was ultimately assigned to a bank that, upon the homeowner's default on the mortgage, initiated foreclosure proceedings. Id. at ___, 121 A.3d at 822. The bank in Bergeron was New York Community Bank (NYCB). Id. at ___, 121 A.3d at 822.

One issue in Bergeron was whether NYCB had the authority to foreclose even if it did not hold the note. See id. at ___, 121 A.3d at 823, 825. We held that "an agent of the noteholder may properly institute foreclosure proceedings under RSA 479:25." Id. at ___, 121 A.3d at 825. We also upheld the trial court's finding that NYCB was the agent of the unidentified noteholder based solely upon the language of the mortgage. Id. at ___, 121 A.3d at 826-27. We explained that the mortgage alone conclusively established that there was an agency relationship between NYCB and "any downstream assignee of DMA that held the Note at the commencement of foreclosure." Id. at ___, 121 A.3d at 826.

The language upon which we relied in the Bergeron mortgage is identical to that of the mortgage in this case. Both mortgages state that "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." Id. at ___, 121 A.3d at 822. Both mortgages also expressly grant MERS (solely as nominee for the lender and its successors and assigns) power of sale and the right to foreclose and sell the mortgaged property. Id. at ___, 121 A.3d at 822. In Bergeron, we explained that this language "plainly authorizes MERS to act on the Lender's behalf, albeit in a limited way, thus evidencing the existence of an agency relationship." Id. at ___, 121 A.3d at 826.

Although Bergeron presented the issue of whether unity of note and mortgage is required in a non-judicial foreclosure, we found it unnecessary to decide that question and held that: (1) an agent of the noteholder may properly initiate foreclosure proceedings; and (2) language in the mortgage naming the mortgagee as "nominee for Lender and Lender's successors and assigns" conclusively establishes the requisite agency relationship. Id. at ___, 121 A.3d at 823, 825-27. Similarly, although the first certified question asks whether either our common law or RSA 479:25 requires a foreclosing entity to hold both the mortgage and the note at the time of a non-judicial foreclosure, we find it unnecessary to answer this question in light of our holding in Bergeron. Our holding in Bergeron is dispositive. Our answer to the first certified question obviates the need for us to answer the second certified question.

In arguing for a different result, the plaintiff contends that, because he questions the validity of the assignment of the mortgage and, therefore, the agency relationship between the noteholder and the Bank, the Bank in this case, unlike NYCB in Bergeron, is not entitled to foreclose. See id. at ___, 121 A.3d at 827 (declining to "address whether the defendant could foreclose if the agency relationship was irregular or legitimately challenged by the plaintiff"). The merits of the plaintiff's case are not before us, however. Our role is only to respond to the questions of law transferred to us by the First Circuit.

Remanded.

HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

4