**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-1195

JOSEPH CASTAGNARO,

Plaintiff, Appellant,

v.

THE BANK OF NEW YORK MELLON,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

Before

Howard, Chief Judge,
Lipez and Barron, Circuit Judges.

Stephen T. Martin, with whom The Law Offices of Martin & Hipple, PLLC was on brief, for appellant.
Elizabeth T. Timkovich, with whom Phoebe N. Coddington and Winston & Strawn LLP were on brief, for appellee.
Stephanie A. Bray and New Hampshire Legal Assistance on brief, amicus curiae in support of appellant.

May 11, 2016

**Per curiam.** In this appeal from an order dismissing his complaint seeking to prevent foreclosure, appellant Joseph Castagnaro argued primarily that the foreclosing entity lacked the authority to foreclose, because that entity held only the mortgage on the property and not the promissory note that Castagnaro had executed in favor of the original lender. We certified questions to the New Hampshire Supreme Court, see Castagnaro v. Bank of N.Y. Mellon, 772 F.3d 734, 739-40 (1st Cir. 2014), including whether New Hampshire law requires the foreclosing entity to hold both the mortgage and the note, and

> [i]f so, can an agency relationship between the note holder and the mortgage holder meet that requirement, and does language in the mortgage naming the mortgagee "nominee for the lender and lender's successors and assigns" suffice on its own to show an adequate agency relationship?

Id. at 739.

We have received an answer from the New Hampshire Supreme Court to our questions. See Castagnaro v. Bank of N.Y. Mellon, 132 A.3d 1202 (N.H. 2016). Relying on its decision in Bergeron v. N.Y. Cmty. Bank, 121 A.3d 821 (N.H. 2015), the New Hampshire Supreme Court held that any requirement under New Hampshire law that the note holder and foreclosing mortgage holder be the same is satisfied by an agency relationship, and that "language in the mortgage naming the mortgagee 'nominee for lender and lender's successors and assigns'" is sufficient to show the

- 2 -

required agency relationship.  See <u>Castagnaro</u>, 132 A.3d at 1202. In light of the New Hampshire Supreme Court's response to our questions we <u>affirm</u> the district court's dismissal of this action.